**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERT J. COLE, | No. 11-35814 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-00068-SEH |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted August 7, 2012[**]
Seattle, Washington

Before: GRABER, RAWLINSON, and BLACK[***], Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan H. Black, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

Appellant Robert J. Cole (Cole) challenges the district court's judgment upholding the Commissioner of Social Security's denial of Cole's application for supplemental security income. We affirm the district court's judgment.

Because the Administrative Law Judge's (ALJ) decision was supported by the medical evidence and was consistent with the conclusions of Cole's treating doctors, there was no need to provide clear and convincing reasons for rejecting the treating doctor's opinions. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (noting that "the ALJ need not provide 'clear and convincing reasons' for rejecting [a doctor's report]" where the ALJ did not reject the doctor's opinions).

Because Cole does not point to any conflicting medical evidence, the ALJ's finding that Cole was not disabled due to his visual impairments was reasonably supported by the objective medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (recognizing that "we may not substitute our judgment for that of the ALJ. . . .") (citation omitted).

Based on Cole's daily activities, the ALJ provided the requisite specific findings in rejecting Cole's testimony concerning the severity of his symptoms. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a

credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.") (citation omitted).

The ALJ's hypothetical to the vocational expert properly included Cole's limitations that were supported by substantial evidence in the record. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009); *see also Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) ("The ALJ . . . is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence. . . .") (citation and internal quotation marks omitted).

**AFFIRMED.**